## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 4056 | **DATE** | 8/1/2008 |
| **CASE TITLE** | William Walls v. Illinois Dep't. of Corrections | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. His motion for the appointment of counsel [4] is denied without prejudice. Plaintiff's complaint is dismissed without prejudice to plaintiff filing a petition for a writ of habeas corpus relief.

■ [**For further details see text below.**]  Docketing to mail notices. Mailed AO 450 form

### STATEMENT

Plaintiff, William Walls, (#85292), currently detained at Rushville Detention Center under Illinois Sexually Violent Persons Act (SVPA), has filed a civil rights complaint. Plaintiff challenges the initiating and prosecuting of the proceedings seeking to have him detained as a Sexually Violent Person. Plaintiff argues that the evidence was insufficient to prosecute and detain him under the SVPA; he contends that the state prosecutors and other participants in his SVPA proceedings acted without probable cause; and he raises several challenges with aspects of the SVPA proceedings.

Plaintiff has filed an application to proceed *in forma pauperis*. Plaintiff having demonstrated that is unable to pay the filing fee, the Court grants his motion to proceed *in forma pauperis*. Because the Prisoner Litigation Reform Act does not apply to person detained under the SVPA, plaintiff need not make an initial partial payment of the filing fee or installment payments. *See* 28 U.S.C. § 1915(b).

Although plaintiff may proceed *in forma pauperis*, his complaint fails to state a claim for relief that may be granted by this Court. Plaintiff's challenges to his SVPA proceedings should be raised in a petition for habeas corpus relief after plaintiff has sought relief in state court. *See Varner v. Monohan*, 460 F.3d 861, 863 (7th Cir. 2006) (habeas provisions apply to review state court SVPA commitment decisions). To the extent Plaintiff seeks damages for his confinement or with the procedures resulting in his confinement, he cannot sue for damages if success on his claims would render his commitment invalid, until that commitment has been declared invalid through the proper channels provided by state law and/or federal habeas review. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Accordingly, the Court dismisses plaintiff's complaint without prejudice to plaintiff raising his claims in a federal habeas petition, the proper federal procedure to challenge a state court commitment.

isk